22-451
McDaniels v. Mertens

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of September, two thousand twenty-three.

PRESENT:
> MYRNA PÉREZ,
> ALISON J. NATHAN
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

London McDaniels,

> *Plaintiff-Appellant*,

v.                                                                     No. 22-451

Nicholas Mertens,

> *Defendant-Appellee*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Edward E. Kopko, Edward E. Kopko, Lawyer, P.C., Ithaca, NY. |
| **FOR DEFENDANT-APPELLEE:** | Dustin J. Brockner, Assistant Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, *for* Letitia James, Attorney General of the State of New York, Albany, NY. |

1

Appeal from an order of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

London McDaniels appeals from the district court's dismissal of his § 1983 claim against New York State Trooper Nicholas Mertens. In the operative complaint, McDaniels described his Equal Protection claim as a selective enforcement claim. Even reviewing the dismissal *de novo*, "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff," we cannot conclude that the district court erred. *See Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Having chosen to assert a selective enforcement claim, McDaniels was required to allege the existence of a similarly situated comparator. Consistent with our precedent, the district court did not require McDaniels to present actual evidence of such comparators, but only to allege facts that plausibly supported his claim. *See Hu v. City of New York,* 927 F.3d 81, 97 (2d Cir. 2019). McDaniels failed to do so, despite correctly stating in his complaint that selective enforcement claims "require[ ] a plaintiff to prove that '(1) the person, compared with others similarly situated, was selectively treated . . . ." App'x 2 (quoting *Hsin v. City of New York*, 779 F. App'x 12, 14–15 (2d Cir. 2019) (summary order)).

McDaniels cannot now suggest, for the first time on appeal, that the district court should have ignored his own framing of his claim. While McDaniels is correct that "there are 'several ways for a plaintiff to plead intentional discrimination that violates the Equal Protection Clause,'"

2

he asserted that he was pursuing only one particular theory of liability, and he failed to satisfy the pleading requirements for the one he chose.[1]  Appellant's Br. at 5 (quoting *Brown v. Oneonta*, 221 F.3d 329 (2d Cir. 2000)).  Accordingly, the district court did not err in dismissing the complaint.

We have considered all of McDaniels's remaining arguments and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the February 7, 2022 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We take no position on whether the complaint adequately pleaded an equal protection claim based on a different theory of liability—that question was not presented to the district court and therefore, we have no basis to reach it. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005) ("The law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not pressed below, . . . waiver will bar raising the issue on appeal." (internal quotation marks omitted)); *see also NRP Holdings LLC v. City of Buffalo*, 916 F.3d 177, 197 n.16 (2d Cir. 2019) (declining to consider race-based selective treatment claim that plaintiff, having previously opted to pursue only a class-of-one claim, failed to present to the district court "either in its operative complaint or in its opposition to defendants' motion to dismiss.").